UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEJANDRO PEÑA SALVADOR,

Petitioner,

v.

JEFFEREY PERKINS,

Respondent.

CASE NO. 2:26-cv-00201-JLR-GJL

ORDER DENYING MOTION FOR COUNSEL

This 28 U.S.C. § 2254 habeas action has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Petitioner Alejandro Peña Salvador's Motion to Appoint Counsel. Dkt. 6. Because Petitioner has not shown the appointment of counsel is warranted at this time, his Motion is **DENIED without prejudice**.

## I.      LEGAL STANDARD

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless (1) counsel is required to prevent a due process violation, (2) an evidentiary hearing is required, or (3) such appointment is necessary for the effective utilization of discovery procedures. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196

ORDER DENYING MOTION FOR COUNSEL - 1

(9th Cir. 1986); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

Even where habeas counsel is not required as a matter of right, the Court may appoint counsel for financially eligible petitioners "when it determines 'that the interests of justice so require.'" *Chaney*, 801 F.2d at 1196 (quoting 18 U.S.C. § 3006A); *see also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (in circumstances where appointment of counsel is not mandated, the decision to appoint counsel falls within the "sound discretion of the court"). In deciding whether to appoint counsel, the Court evaluates "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954; *see also Stokes v. Roe*, 18 F. App'x 478, 479 (9th Cir. 2001).

## II.    DISCUSSION

In his Motion, Petitioner requests counsel to assist him in this case because he is indigent and no longer has the attorney who represented him in state court. Dkt. 6. The circumstances Petitioner describes in his Motion are common to most incarcerated litigants and do not *per se* entitle him to court-appointed counsel in this case. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff had not shown his "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants") (citations omitted).

ORDER DENYING MOTION FOR COUNSEL - 2

Moreover, these proceedings are still in the early stages as Respondent has not yet filed an answer to the Petition, and Petitioner has not demonstrated he is likely to succeed on the merits of his case or that an evidentiary hearing will be necessary.

Finally, Petitioner's filings in the case thus far have been clear and understandable. As such, the Court does not find his ability to articulate his claims to be so lacking as to warrant the appointment of counsel at this juncture.

Accordingly, the Court concludes that Petitioner has not shown the appointment of counsel is required at this time.

### III.   CONCLUSION

For the reasons above, Petitioner's Motion to Appoint Counsel (Dkt. 6) is **DENIED without prejudice**.

Dated this 17th day of February, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3