UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEJANDRO PEÑA SALVADOR,

                Petitioner,

    v.

JEFFEREY PERKINS,

                Respondent.

CASE NO. 2:26-cv-00201-JLR-GJL

REPORT AND RECOMMENDATION

Noting Date: May 7, 2026

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Alejandro Peña Salvador, proceeding *pro se*, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 5. For the reasons set forth herein, the Court concludes the habeas Petition (Dkt. 5) is time barred and **RECOMMENDS** the Petition be **DISMISSED with prejudice** and a certificate of appealability be **DENIED**.

## I.      BACKGROUND

On February 11, 2020, a jury in King County Superior Court found Petitioner guilty of one count of first-degree child molestation, two counts of second-degree rape of a child, and one

REPORT AND RECOMMENDATION - 1

count of third-degree child molestation. Dkt. 11-1, Ex. 1. On March 6, 2020, Petitioner was sentenced to a total term of 240 months in confinement. *Id*. at 4–7.

Petitioner challenged his conviction and judgment on direct appeal. *See* Dkt. 11-1, Ex. 3. The Washington Court of Appeals affirmed Petitioner's conviction and sentence on June 1, 2021. Dkt. 11-1, Ex. 2. Petitioner filed a petition for review, which the Washington State Supreme Court denied on October 6, 2021. Dkt. 11-1, Ex. 6; Dkt. 11-1, Ex. 7. The court of appeals issued its mandate on October 12, 2021. Dkt. 11-1, Ex. 8.

On October 7, 2022, Petitioner filed a Personal Restraint Petition ("PRP") in the state court of appeals. Dkt. 11-1, Ex. 9. In an Order filed May 19, 2023, the court of appeals dismissed all of Petitioner's PRP claims as frivolous, except for two claims: (1) the trial court erred in denying Petitioner's motion to appoint new counsel; and (2) Petitioner's appellate counsel provided ineffective assistance by failing to raise that claim on appeal. Dkt. 11-1, Ex. 12. The court appointed counsel and referred the two claims to a panel for further review. Dkt. 11-1, Ex. 12 at 476.

In supplemental briefing before the state court of appeals, Petitioner raised three federal claims: (1) "The [trial] court's refusal to permit [Petitioner] to discharge retained counsel without balancing his right to counsel and the interests of justice violated the Sixth Amendment and article I, section 22;" Dkt. 11-2, Ex. 13 at 3; (2) "The [trial] court's failure to inquire into clear evidence of an irreconcilable conflict between [Petitioner] and his attorney violated [Petitioner's] right to effective assistance of counsel;" Dkt. 11-2, Ex. 13 at 4; and (3) "Appellate counsel's failure to raise meritorious issues involving the presumptively prejudicial denial of counsel left [Petitioner] without effective assistance of counsel on appeal," Dkt. 11-2, Ex. 13 at 4. On February 3, 2025, the court of appeals issued an unpublished opinion denying the PRP on the

REPORT AND RECOMMENDATION - 2

merits.[1] Dkt. 11-2, Ex. 19. Petitioner sought discretionary review, which was denied by a Deputy Commissioner of the state supreme court on May 13, 2025. Dkt. 11-3, Ex. 23. Petitioner moved to modify the deputy commissioner's decision. Dkt. 11-3, Ex. 24. The state supreme court denied the motion to modify without comment on August 6, 2025, and the state court of appeals issued the certificate of finality on August 26, 2025. Dkt. 11-3, Exs. 25, 26.

While his first PRP was still pending, Petitioner filed a second PRP on February 16, 2024, challenging the constitutionality of Section 9A.44.020(1)[2] of Washington Revised Code on a range of state and federal theories. Dkt. 11-3, Ex. 27. The state court of appeals dismissed the petition as untimely, frivolous, and successive under state law. Dkt. 11-3, Ex. 28. Petitioner sought discretionary review by the Washington Supreme Court, and a Deputy Commissioner denied review on May 2, 2024. Dkt. 11-3, Exs. 29, 30. On August 1, 2024, the state court of appeals issued its certificate of finality. Dkt. 11-3, Ex. 31.

On September 29, 2025, Petitioner filed a petition for writ of certiorari in the United States Supreme Court, raising claims he presented in his first PRP. Dkt. 5 at 16. The Supreme Court denied the petition on January 26, 2026. *See* Dkt. 10 at 6; *Salvador v. Washington*, No. 25-6225, 2026 WL 189824 (U.S. Jan. 26, 2026).

Prior to filing the petition for writ of certiorari, on September 3, 2025, Petitioner filed a federal habeas Petition under 28 U.S.C. § 2254 in this Court without the filing fee or a motion for leave to proceed *In Forma Pauperis* ("IFP"). *See Peña-Salvador v. Perkins*, No. 2:25-cv-01692-TL-SKV (W.D. Wash.) (Dkt. 1). On that same date, the Clerk issued a Notice of filing

---

[1] In addition to denying Petitioner's claims presented in the PRP, the court of appeals denied as time barred a claim Petitioner raised in his supplemental brief with respect to a request for new counsel during his sentencing. *See* Dkt. 11-2, Ex. 19 at 262–63.

[2] Section 9A.44.020(1) of Washington's Revised Code states, "In order to convict a person of any crime defined in this chapter it shall not be necessary that the testimony of the alleged victim be corroborated." RCW 9A.44.020(1).

REPORT AND RECOMMENDATION - 3

deficiency, noting that Petitioner failed to submit with his Petition either the requisite $5.00 filing fee or an IFP application, and attaching an IFP form for Petitioner's convenience. *See Peña-Salvador*, No. 25-1692, Dkt. 2. The Notice also warned that failure to correct the deficiency by October 3, 2025, could result in dismissal of the action. *Id*. Petitioner did not respond to the Clerk's Notice, but did file a proposed amended habeas Petition on September 9, 2025. *See Peña-Salvador*, No. 25-1692, Dkt. 3.

On December 11, 2025, the Court dismissed Petitioner's action without prejudice for failure to prosecute, as Petitioner failed to correct the filing deficiency. *See Peña-Salvador*, No. 25-1692, Dkt. 5 (Order adopting Report and Recommendation (Dec. 11, 2025)). After the case was closed, Petitioner filed an IFP Motion on January 7, 2026. *See Peña-Salvador*, No. 25-1692, Dkt. 8. In a Minute Order entered on January 9, 2026, the District Court denied the IFP Motion because the case was already closed, but noted that because the dismissal was without prejudice, Petitioner maintained the ability to file a new case. *See Peña-Salvador*, No. 25-1692, Dkt. 9. The Court also noted that a new IFP application would not reopen the closed case; rather, a new IFP application, supporting documentation, and a proposed habeas petition would be assigned a new case number. *Id*.

On January 16, 2026, Petitioner filed the instant habeas Petition. Dkts. 1, 5. Petitioner paid the filing fee. *See docket*. Notably, the Petition is signed and dated September 3, 2025, with an amendment noted for September 8, 2025. *See* Dkt. 5. The Petition appears to be an exact copy of Petitioner's amended habeas Petition filed on September 9, 2025, in his closed habeas action. *Compare* Dkt. 5 *with Peña-Salvador*, No. 25-1692, Dkt. 3. However, because the earlier-filed habeas Petition was dismissed without prejudice for failure to prosecute and therefore not adjudicated on the merits, the Court will not treat the instant habeas Petition as second or

REPORT AND RECOMMENDATION - 4

successive. *See* 28 U.S.C. § 2244(b). Further, the filing date of the instant action—January 16, 2026—shall govern the Court's analysis of the timeliness of Petitioner's habeas Petition. *See Duncan v. Henry*, 533 U.S. 167, 181–82 (2001) (a first federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore the limitations period during the pendency of that petition is not tolled).

## II.    DISCUSSION

As set forth above, Petitioner filed the instant Petition on January 16, 2026. Dkt. 1. In the Answer, Respondent contends Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkt. 10 at 9–15. Petitioner has filed a Traverse arguing the Petition is timely or, in the alternative, qualifies for tolling of the statute of limitations. Dkt. 12.

**A.    Statute of Limitations – 28 U.S.C. § 2244(d)**

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Once AEDPA's limitations period begins, it is tolled while a "properly filed application for state post-conviction or other collateral review. . . is pending." 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). In other words, the time in which a petitioner properly seeks collateral review of his conviction in state court will not count against him for purposes of filing a timely habeas petition in federal court.

REPORT AND RECOMMENDATION - 5

Further, in state court, a direct review generally concludes, and the judgment becomes final, either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999).

Here, Petitioner filed a direct appeal challenging his conviction and sentence. Dkt. 11-1, Ex. 3. After the state court of appeals affirmed the conviction and sentence, the Washington Supreme Court denied Petitioner's petition for review on October 6, 2021. Dkt. 11-1, Ex. 7. Petitioner did not file a petition for writ of certiorari in the Supreme Court, making his direct appeal final on January 4, 2022, the date the time for filing a petition for certiorari expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment).

The AEDPA limitations period began running on January 5, 2022, the day after the judgment became final. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). The limitations period ran for 275 days, then, on October 7, 2022—the date Petitioner filed his first PRP—the period tolled pursuant to 28 U.S.C. § 2244(d)(2). *See* Dkt. 11-1, Ex. 9; *see also Corjasso*, 278 F.3d at 879 (finding the statute of limitations remains tolled until the state collateral attack becomes final). Petitioner's first PRP became final when the state court of appeals issued its certificate of finality on August 26, 2025. *See* Dkt. 11-3, Ex. 26. At that time Petitioner had a total of 90 days (for a total of one year) remaining, or until November 25, 2025, to file a timely federal habeas petition. Petitioner did not file the instant Petition until January 16, 2026, which was after the limitations period expired. Thus, absent statutory or equitable tolling, the habeas Petition is not timely.

REPORT AND RECOMMENDATION - 6

**B.      Statutory Tolling**

Petitioner makes several unsuccessful arguments in favor of statutory tolling of the instant Petition.[3] First, Petitioner claims the Petition is timely under Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* Dkt. 5 at 13–14. However, Rule 8 addresses whether to hold an evidentiary hearing in a § 2254 case "[i]f the petition is not dismissed." Rule 8(a). It does not relate to the timeliness of the filing of a habeas petition. Because the Court has already determined the Petition is not timely and should be dismissed, Rule 8 is not applicable. Petitioner's argument here fails.

Further, in his Traverse, Petitioner contends his PRP did not become final for tolling purposes until after the Supreme Court denied his related petition for writ of certiorari on January 26, 2026. Dkt. 12 ¶¶ 5, 8. However, the filing of a petition for writ of certiorari in the Supreme Court from the denial of a state post-conviction petition does not toll the AEDPA statute of limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007). Thus, this argument fails.

Finally, Petitioner argues the petition he filed on September 3, 2025, in *Peña-Salvador v. Perkins*, No. 25-1692, can stand in as a date for the filing of the instant habeas proceedings. Dkt. 12 ¶ 4. However, as already set forth herein, the filing of Petitioner's first federal habeas petition does not toll the AEDPA statute of limitations. *See supra* Part I, at 5 (citing *Duncan*, 533 U.S. at 181–82). As such, this argument also fails.

---

[3] In anticipation of Petitioner's arguments with respect to statutory tolling, Respondent speculates Petitioner may have submitted his Petition to prison officials as early as January 9, 2026, the date Petitioner also filed his IFP Motion in his closed case. *Peña-Salvador,* No. 25-1692 (Dkt. 9); Dkt. 10 at 12. However, attached to Petitioner's initial filing in this case was a proposed application for court-appointed counsel that Petitioner signed on January 15, 2026, which forecloses any such speculation as to whether Petitioner may have handed his Petition to officials before this date. *See* Dkt. 1-2. Therefore, the Court need not consider Respondent's alternative date of January 9, 2026.

REPORT AND RECOMMENDATION - 7

## C.     Equitable Tolling

The one-year statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance itself was—in fact—the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Here, in his Traverse Petitioner claims he "experienced undue delay and lack of understanding when the prison facility refused to sign his § 1915 form for this Court," presumably referring to the filing deficiency in his closed habeas case. *See* Dkt. 12 ¶ 6. He further claims that this delay "caused Petitioner to need to re-file after attempting to get this Court to re-open the original case." *Id*. ¶ 7. However, a review of the record in *Peña-Salvador*, No. 25-1692, belies these assertions.

REPORT AND RECOMMENDATION - 8

As noted above, when the Clerk issued the September 3, 2025, Notice of filing deficiency related to Petitioner's lack of submission of the filing fee or an IFP application, and afforded him until October 3, 2025, to correct the deficiency, Petitioner did not do so, but instead filed an amended habeas Petition on September 9, 2025. *See Peña-Salvador*, No. 25-1692, Dkts. 2, 3. In fact, Petitioner failed to respond to the Clerk's Notice for over two months. *See docket*.

On November 20, 2025, U.S. Magistrate Judge S. Kate Vaughan issued a Report and Recommendation ("R&R") recommending that the action be dismissed without prejudice for failure to prosecute. Dkt. 4. The Court pointed out that Petitioner had communicated with the Court after the Clerk's Notice was filed by submitting an amended petition, but did not respond "in any fashion to the Clerk's deficiency letter." *Id*. at 1. Noting that Petitioner had ample time to either pay the filing fee or submit an IFP application, and nevertheless had failed to do so, the Court recommended dismissal for failure to prosecute. *Id*. at 2. In the R&R, the Court also set forth a 14-day period for objections to the R&R. *Id*.

Petitioner did not file objections and, thus, on December 11, 2025, U.S. District Judge Tana Lin entered an Order that approved and adopted the R&R and dismissed the action without prejudice for failure to prosecute. *Peña-Salvador*, No. 25-1692, Dkt. 5. Thereafter, on January 7, 2026, Petitioner filed an IFP Motion in the closed case. *Peña-Salvador*, No. 25-1692, Dkt. 8. The IFP Motion was dated January 5, 2026, and had a prison trust account statement attached that appears to be dated December 15, 2025, several days after the District Court's dismissal of the case. *See id*. at 2–3. The District Court denied the IFP Motion in a Minute Order entered on January 9, 2026, noting again that Petitioner had previously been given leave to amend a deficient IFP application but had failed to remedy the deficiency. *Peña-Salvador*, No. 25-1692, Dkt. 9.

REPORT AND RECOMMENDATION - 9

Upon review, the Court finds there is nothing in the record demonstrating that Petitioner is entitled to equitable tolling of the instant habeas Petition. Petitioner bases his equitable tolling argument on the circumstances presented in his closed habeas case, but has provided no evidence to show that the prison facility "refused to sign his § 1915 form" in that closed case, despite being given the opportunity to make that argument several times.

Specifically, Petitioner could have informed the Court of the prison's refusal either in the time period leading up to the October 3, 2025, due date for correction to his filing deficiency, or during the objections period noted in the November 20, 2025, R&R. However, Petitioner did not make this argument in either case and, thus, has not shown he was pursuing his rights diligently or some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. at 649. In fact, no such evidence is apparent from the Court's review of the record.

Accordingly, Petitioner has failed to carry his burden of demonstrating that he is entitled to equitable tolling based on a delay in filing caused by his prison facility in his previous habeas action.

The Court recommends that the instant Petition be dismissed with prejudice as time-barred.

### III.   EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the

REPORT AND RECOMMENDATION - 10

allegations would not entitle the petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 381–82 (2022).

The Court finds that an evidentiary hearing is neither necessary nor permitted by AEDPA in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's Petition or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

REPORT AND RECOMMENDATION - 11

## V.    CONCLUSION

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d), and the Court **RECOMMENDS** the Petition be **DISMISSED with prejudice**. No evidentiary hearing is required and a certificate of appealability should be **DENIED**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have **fourteen (14) days** from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 7, 2026, as noted in the caption.

Dated this 22nd day of April, 2026.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12